■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MCDERMOTT, Appellant. [607 NYS2d 784] —Judgment

unanimously affirmed. Memorandum: There is no merit to defendant's contention that County Court abused its discretion by discharging a juror and replacing him with an alternate juror. The court was informed on Tuesday, January 19, 1993 that the mother-in-law of juror No. 3 had died and that he therefore would not be available until Friday of that week. The court contacted the absent juror and conducted a sufficient inquiry concerning the circumstance of the absence and his likely return date *(cf., People v Washington,* 75 NY2d 740, *revg on dissenting mem of Carro, J.,* 151 AD2d 384, 385). Under those circumstances, we conclude that the court did not abuse its discretion in excusing the absent juror in order to continue with the trial *(see, People v Robustelli,* 189 AD2d 668, 669-670, *lv denied* 81 NY2d 975).

County Court did not err in denying defendant's motion for a severance. "[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" *(People v Mahboubian,* 74 NY2d 174, 184). Defendant and his codefendant Paul Klavoon presented identical defenses during the trial. Both asserted that the sexual contact with the complainant was consensual. There was therefore no irreconcilable conflict between the defenses.

We have considered defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Sodomy, 1st Degree.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.